STATE, *ex rel.*, OTTO F. BOCHER, v. CLYDE S. HAMMONS, *et al.*, as and constituting State Board of Barber Examiners, and J. M. LEE, as Comptroller, etc., *et al.*

184 So. 145.
Division A.
Opinion Filed October 26, 1938.

*Weldon G. Starry, B. K. Roberts* and *Julius F. Parker,* for Realtor;

*Cary D. Landis,* Attorney General, *Marvin C. McIntosh,*

and *John L. Graham,* Assistant Attorneys General and *G. A. Buie, Jr.,* for Respondents.

BUFORD, J.—This case is before us on motion to quash amended alternative writ of mandamus.

The allegations of the amended alternative writ show that the relator was appointed on the 1st day of April, 1936, under the provisions of Sec. 20 of Chapter 14650, Acts of 1931, to be a member of the State Board of Barber Examiners of the State of Florida, and from the date of his· appointment until the 30th day of September, 1937, served in such capacity. That Sec. 21 of Chapter 14650, *supra,* is as follows:

"Section 21. The Board shall elect a President and a Secretary. The Secretary may or may not be a member of the Board. The Board shall maintain its headquarters in Tallahassee, and at its own expense. The Board shall adopt and use a common seal for the authentication of its orders and records. The Secretary shall keep a· record of all proceedings of the Board.

"The Secretary ·shall give to the State a bond in the sum of Five Thousand ($5,000.00) Dollars, with sufficient sureties, to be approved by the Board for the faithful performance of his duties. A majority of the Board in meeting duly assembled may perform and exercise all the duties and powers devolving upon the Board.

"Each member of the Board shall receive a compensation of Ten ($10.00) Dollars per day for each day, or fraction thereof, actually spent in performing any duty required of him under the direction of the Board in the performance of its official duties and shall be reimbursed for his necessary traveling expenses incurred in the discharge of his duty. The Secretary shall receive an additional Two ($2.00) Dollars per day. Both salary and expenses are to be paid only

from the fund created by fees collected in the administration of this Act. The Board shall report annually to the Governor a full statement of its work during the year, together with such recommendation as it may deem expedient.

"The Board shall have authority to employ such special counsel, clerks and other assistants as it may deem necessary to carry out the provisions of this Act."

And that the relator is entitled to receive a salary of $10.00 per day or fraction thereof actually spent in performing the duties required of him under the provisions of that Act and that the relator did perform from the date of his appointment on April 1st, 1936, until the date of his dismissal, September 30, 1937, with the exception of the month of June, 1936, and spent all of his time during the working hours of each day of said period in performing the duties required of him as a member of the State Board of Barber Examiners under the provisions of Chapter 14650, *supra*.

It alleges that relator was not paid and did not receive the sum of $10.00 per day in accordance with the requirements of the statute.

It was alleged that under the provisions of Section 21, *supra,* relator is entitled to be paid the sum of $1885.00; that he had demanded that respondents, members of the State Board of Barber Examiners, order and approve his claim for back salary.

It alleges that there are sufficient funds acquired under the provision of Sec. 22 of the Act to pay his salary.

The motion to quash contains the following grounds:

"(3) That the amended writ fails to show that the duties alleged to have been performed by the relator were properly authorized by the board or that they were performed under the direction of the board in its performance of its official duties.

"(4) That the allegations in the amended alternative

writ do not affirmatively show that the board ever adopted and used a common seal for the authentication of its orders and records as required by law or that said seal was placed upon any orders given the relator herein by the Board of Barber Examiners.

"(5) That the amended writ fails to allege that the Secretary kept a record of the proceedings of the board that could be produced before the court in order that the court might determine whether the relator was working under the direction of the Board in the performance of its official duties.

"(6) That the amended writ alleges that the board in open session determined it to be necessary that by and through its members and employees that it must perform certain duties, but fails to affirmatively show that the section of the Barber Law as compiled and which is set out as follows, to-wit:

" 'That a majority of the Board in meeting assembled may perform and exercise all the duties and powers devolving upon the board.'

"(7) That the amended writ fails to allege that the duties which the relator alleges he performed on each day or fraction thereof were actually spent in the performance of any duty required of him by the board in the performance of his regular duties, but alleges that he performed such duties as a member of the board in the performance of its official duties, and not that such duties were performed under the direction of the board.

"(8) That the amended writ fails to allege that the relator herein ever attended any of the regular meetings or special meetings of the board or made any reports to the board, or that his acts and doings in his behalf were ever approved by the board or that he was directed by the board to perform certain duties under its direction.

"(9)   That the amended alternative writ of Mandamus does not affirmatively show the amount that the relator received each month while acting as a member of the Board, or that he made demand for the amount which he claims during any year that he served as a member of the board.

"(10)   That the alternative writ of mandamus shows on its face that the Board of Barber Examiners could not be authorized under the Barber Laws to audit and approve the claim of the relator, which section of the law is set out as follows, to-wit:

" 'Such fund shall be expended in accordance with law for all necessary and proper expenses in carrying out the provisions of this chapter upon proper claim approved by said board, or a finance committee thereof, and is hereby annually appropriated for such purpose.'

"Under this section of the law if the relator is required to recover, demand should only be made for the amount due the fiscal year.

"(11)   That the allegations in said amended alternative writ does not state or constitute a cause of action that authorizes or entitles the relator to the remedy sought and mentioned in said alternative writ of Mandamus or the relief prayed in said Alternative Writ.

"(12)   The facts stated in said amended alternative writ are not sufficient to entitle the relator to the demands made upon the respondents in the amended alternative writ.

"(13)   Said amended alternative writ fails to show a sum definite that the relator has been paid."

Under the provisions of Section 21, *supra,* it became a condition precedent to the right of claim to compensation of $10.00 per day or fraction of a day, that such day or fraction of a day, for which compensation is claimed should have been actually spent in performing duties required of

him under the direction of the Board in the performance of its official duties.

The Act did not fix an annual or monthly compensation but, as we construe the Act, it provided that each member of the Board should be paid $10.00 for each day or fraction thereof which was spent by such member of the Board in the performance of duties which he was directed by the Board to perform and before such member could claim compensation, it was necessary for him to be directed by the Board acting in its official capacity to spend such specific time in the performance of duties devolved upon the Board.

It, therefore, follows that before the relator may be deemed to have shown a clear right to the relief prayed, he must allege and prove that by direction of the Board, acting in its official capacity, he performed certain acts, alleging what those acts were, covering the days for which he claims compensation.

The Amended Alternative Writ alleges:

"I. That the law of the State of Florida provides for the creation of a State Board of Barber Examiners, which shall consist of three members appointed by the Governor. Said Board is vested with the powers, duties and responsibilities enumerated in Chapter 14650. The Board of Barber Examiners, in open session found and determined it to be necessary, in order to properly enforce the law, that said Board of Barber Examiners by and through its members and employees must perform the following duties: holding examinations in different parts of the State for applicants who desire to become barbers, the regular inspection of every barber shop in the State, as to sanitary conditions, to see that all barbers are properly licensed and their certificates properly displayed, the checking up on health certificates of every barber to see that no one is working who has

a contagious disease, and in its general supervision to guarantee to the public patronizing barber shops throughout the state, efficient and sanitary work by all those practicing barbering in the state; That State Board of Barber Examiners, after its organization and investigation of the conditions in Florida, found and determined it to be necessary to zone the state into three zones, with each zone under the supervision of a member of the Board, whose duty it was to inspect regularly every shop and barber in his respective zone.

"II. That the relator, Otto F. Bocher, was appointed on the 1st day of April A. D. 1936 by the Governor of the State of Florida, under authority of Section 20 of Chapter 14650 of the Acts of 1931, to be a member of the State Board of Barber Examiners of the State of Florida, in which capacity the relator did from the date of his appointment as aforesaid serve until his dismissal by the Honorable Fred P. Cone as Governor of the State of Florida, on the 30th day of September, A. D. 1937, Said Section 20 is as follows:

" 'A Board is hereby created to be known as the State Board of Barber Examiners, which shall consist of three members appointed by the Governor. Each member shall be a practical barber who has followed the occupation of barbering in this State for at least five years immediately prior to his appointment and one of whom shall be a journeyman barber and one of whom shall be a barber employing one or more journeyman barbers.

" 'The members of the first Board appointed shall serve for three years, two years and one year, respectively, as appointed, and members thereafter shall serve for three years. The Governor may remove a member for cause.

" 'Members appointed to fill vacancies caused by death,

resignation or removal shall serve during the unexpired term of their predecessors.'

"That the relator, as a member of said Board was assigned by the Board of Barber Examiners to the Tampa and Jacksonville zone for the performance of the official duties of said Board in said area, within the State of Florida.

"III. That the provisions of Section 21 of said Chapter 14650 of the Acts of 1931, which is as follows:

" 'The Board shall elect a President and a secretary. The secretary may or may not be a member of the board. The board shall maintain its headquarters in Tallahassee, and at its own expense. The board shall adopt and use a common seal for the authentication of its orders and records. The secretary shall keep a record of all proceedings of the board. The Secretary shall give to the state a bond in the sum of five thousand dollars, with sufficient sureties, to be approved by the board for the faithful performance of his duties.

" 'A majority of the board in meeting duly assembled may perform and exercise all the duties and powers devolving upon the board. Each member of the board shall receive a compensation of ten dollars per day for each day, or fraction thereof, actually spent in performing any duty required of him under the direction of the board in the performance of its official duties and shall be reimbursed for his necessary traveling expenses incurred in the discharge of his duty. The secretary shall receive an additional two dollars per day. Both salary and expenses are to be paid only from the fund created by fees collected in the administration of this Chapter. The Board shall report annually to the Governor a full statement of its work during the year, together with such recommendations as it may deem expedient. The board shall have authority to employ such special counsel, clerks, and other assistants as it may deem necessary to carry out the provisions of this Chapter.'

"The relator, as a member of said board, is entitled to receive a compensation of Ten ($10.00) Dollars per day for each day, or fraction thereof, actually spent in performing any duties required of him under the direction of the Board of Barber Examiners of the State of Florida, in the performance of its official duties, and the relator did from the 1st day of April A. D. 1936 to the 1st day of June, Sundays excepted, A. D. 1936, and from the 1st day of July A. D. 1936 until the 1st day of October, A. D. 1937, Sundays excepted, spend all of his time each day of said period, the month of June, Sundays and holidays being excepted as aforesaid, as a member of said Board, in the performance of its official duties;

"That the official duties required of said Board under the law, and found and determined by said Board necessary to be performed by it, by and through the relator aforesaid, were assisting other two members of the Board in holding examinations in different parts of the State for applicants to determine their qualifications to become a licensed barber; the regular inspection of every barber shop in the zone heretofore assigned to him by the Board; as to the sanitary conditions of said shop, to see that all barbers were properly licensed under said barber law and that their certificates were properly displayed as required by the barber law; the checking of health certificates of every barber to see that no barber was working who had a contagious disease; and to perform general supervision over the barbers and barber shops, in order to guarantee to the public patronizing said shops confident, efficient and sanitary work by all those practicing barbering in the zone aforesaid, which duties were performed by the relator as aforesaid, and he actually spent in the performance of said duties required of him under the direction of the Board of Barber Examiners of

the State of Florida, in the performance of its official duties on the days and dates as follows, to-wit: from the 1st day of April A. D. 1936, to the 1st day of June, Sundays excepted, A. D. 1936, and from the 1st day of July A. D. 1936 until 1st day of October, A. D. 1937, Sundays excepted, and did spend all of his time during said period of time as aforesaid, in the performance of the official duties aforesaid.

"IV. That although relator spent all of his time as aforesaid, in the duration of his appointment in the official duties thereby being entitled under the law to receive Ten ($10.00) Dollars per day for each day so occupied, he, nevertheless, was not paid in accordance with the requirements concerning compensation of members of the State Board of Barber Examiners, as the same is specified and set out in Section 21 of Chapter 14650 of the Acts of 1931. Said Section 21 is hereinabove set out in Paragraph III. That under the provisions of Section 21 of Chapter 14650 relator is entitled to be paid the sum of One Thousand Eight Hundred eighty-five ($1885.00) Dollars, for which he has rendered services in accordance with law.

"V. The relator did on or about the 1st day of February, A. D. 1938, formally request the respondents, Clyde S. Hammons, Ralph Spence and George W. Ryals, as and constituting the State Board of Barber Examiners, to audit and approve his claim for back salary due him in accordance with the provisions of Section 22 of Chapter 14650, which section is as follows:

" 'All moneys received by the Board under this Chapter shall be paid to the secretary of the board, who shall give a receipt for the same and shall at the end of each month report to the State Comptroller the total amount of money received by him on behalf of the board from all sources, and shall at the same time deposit with the State Treasurer the entire amount of such receipts, and the State Treasurer

shall place the money so received in a special fund known as the "State Board of Barber Examiners Fund," which fund is hereby created. Such fund shall be expended in accordance with law for all necessary and proper expenses in carrying out the provisions of this Chapter upon proper claim approved by said board of a finance committee thereof, and is hereby annually appropriated for such purposes.'

"All of which said respondents have refused and continue to refuse to do.

"VI. That there is of this day on deposit with the State Treasurer in the 'State Board of Barber Examiners' Fund' the sum of Three Thousand Two Hundred Eighty and Eighty Hundredths ($3,280.00) Dollars."

We hold that the allegations of the amended alternative writ are sufficient to meet the attack presented by the grounds of motion to quash. The relator is only required to plead ultimate facts and not the evidence of such facts. There are allegations of fact in the amended alternative writ which may be contraverted by a return whereupon it would devolve upon the relator to prove the allegations of fact by competent evidence but we are not required to anticipate the allegations of a return, nor to now indicate what shall be the character of evidence which may be required to establish any allegation of the amended alternative writ.

Motion to quash is denied and respondents are allowed twenty days from the date of filing of this order in which to file return, in default of which peremptory writ shall issue.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.